## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                      Case Nos.:    5:12cr30/RH/CJK
                                                      5:15cv107/RH/CJK
RANDALL PITTS

_____/

## REPORT AND RECOMMENDATION

Defendant Randall Pitts filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (ECF No. 57). The Government filed a response in opposition (ECF No. 64) and Pitts filed a reply. (ECF No. 65). This case is before the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the court concludes Defendant has not raised any issue requiring an evidentiary hearing and the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

## BACKGROUND

On August 21, 2012, a grand jury charged Pitts in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One") and knowingly possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) ("Count Two").   (ECF No. 1).   He was detained after his September 11, 2012, arrest, and Michelle Kathleen Daffin of the Office of the Federal Public Defender was appointed to represent him.

The charges in this case arose from Pitts' conduct on June 26, 2012.   On that date, Pitts, a convicted felon, forced his way into the home of his estranged wife Traci Huff, pushed her to the ground, and held a handgun to her head while threatening to shoot her.   Pitts did not shoot Ms. Huff, but he took her car keys and cell phone and left the premises.

Law enforcement pursued Pitts over the next few hours, at one point terminating the pursuit due to safety concerns because speeds reached above 100 miles per hour.   Pitts stopped his vehicle when he approached a roadblock. Deputies knew that Pitts had threatened to harm himself, and they tried to talk Pitts out of his vehicle, but Pitts shot himself, putting a gun under his chin and firing. The bullet passed through his chin and came out his cheek.   At that point Pitts

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

opened the car door, threw the gun down and crawled from the vehicle.   Deputies

secured the weapon, stolen by Pitts from his employer, and provided first aid.

Pitts pleaded guilty on March 6, 2013, pursuant to a written plea agreement

and statement of facts.   (ECF Nos. 27, 28).   The plea transcript reflects that the

court explained the elements of the charges, as well as the maximum possible

sentence for the charges.   (ECF No. 50 at 9-12).   Pitts affirmed to the court, under

oath, that he had had the opportunity to talk to his attorney about the sentencing

guidelines and sentencing statutes and how those would likely determine his

sentence.   (ECF No. 50 at 12).   Pitts also affirmed his understanding that if his

sentence was different than what his lawyer predicted, he would not be able to take

back his guilty plea.   (ECF No. 50 at 13).

The Second Revised Presentence Investigation Report ("PSR") calculated

Pitts' total offense level at 29.   (ECF No. 38, PSR ¶¶ 17-27).   Pitts' base offense

level was 24, and he received a two-level adjustment because the firearm was stolen.

The PSR also had a four-level adjustment for use of the firearm in connection with

another felony offense—an adjustment that was removed at sentencing—and a two-

level adjustment for reckless flight.   Finally, Pitts received a three-level adjustment

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

for acceptance of responsibility.   Pitts had a criminal history category of V.   (ECF No. 38, PSR ¶¶ 49-51).

At sentencing, the Government conceded that the four-level adjustment was improper, because the victim had recanted her story about the assault.   (ECF No. 51 at 3-4).   The court heard testimony and argument with respect to the defense objection to the application of the reckless endangerment enhancement.   (ECF No. 51 at 5-21).   Defense counsel focused her argument on two key issues.   First, she noted the agent who testified about the high-speed chase lacked actual knowledge and was merely testifying to what he had read in reports.   Second, the Government did not show that anyone was impacted by the chase, *i.e.* threatened or injured, other than Pitts himself.   Thus, said the defense, the argument was based on "possibilities."   The court nevertheless found the enhancement appropriate.   Pitts' total offense level, therefore, was 25 and his criminal history category was V, yielding an advisory guidelines range of 100 to 125 months.   The court imposed a mid-range sentence of 112 months' imprisonment as to each count.   (ECF No. 41, 42, 51).

Pitts appealed the sentence, contending that the district court erred in considering contested hearsay evidence in imposing a two-level enhancement for

reckless endangerment during flight under U.S.S.G. § 3C1.2, without making specific findings as to the reliability of the evidence.   (ECF No. 55).   The Eleventh Circuit found no error and affirmed.

In the present motion, Pitts raises four separate claims of ineffective assistance of counsel, assailing the performance of both trial and appellate counsel.   The Government opposes the motion in its entirety.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232

(11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

*Lynn*, 365 F.3d at 1234−35; *Bousley v. United States*, 523 U.S. 614, 621 (1998).

An issue is "'available' on direct appeal when its merits can be reviewed without

further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quotation omitted).

Absent a showing that the ground of error was unavailable on direct appeal, a court

may not consider the ground in a section 2255 motion unless the defendant

establishes (1) cause for not raising the ground on direct appeal, and (2) actual

prejudice resulting from the alleged error, that is, alternatively, that he is "actually

innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).

To show cause for procedural default, a defendant must show that "some objective

factor external to the defense prevented [him] or his counsel from raising his claims

on direct appeal and that this factor cannot be fairly attributable to [defendant's] own

conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance

of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct

appeal and are properly raised by a section 2255 motion regardless of whether they

could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500,

503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United

States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a

constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.    *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two-part test also applies to guilty pleas.    *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (*citing Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).    A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.    *Id.* at 163 (*quoting Hill*, 474 U.S. at 59).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Strickland*, 466 U.S. at 697; *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."    *Strickland*, 466 U.S. at 688.    Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a

strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (*quoting Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.

*Strickland*, 466 U.S. at 694.    "The likelihood of a different result must be substantial, not just conceivable."    *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (*quoting Strickland*).    In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.    *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."    *Id.* at 203.

A defendant must provide factual support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)).    Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*,

*Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Id.* (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop‒Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Pitts first argues that counsel was constitutionally ineffective because she did not "properly" challenge the two-point enhancement under U.S.S.G. § 3C1.2.[1]   He recognizes that counsel did challenge the enhancement, but now maintains that counsel should have made a different argument.    Pitts asserts that the enhancement should not have applied to him because no nexus existed between the "reckless flight" and his offense conduct, as required by the Sentencing Guidelines.    He says that his flight from law enforcement was not to avoid capture for his criminal conduct, but rather, so he could kill himself.    (ECF No. 57-1 at 13-16).

Section 3C1.2 of the Sentencing Guidelines provides for a two-level increase in a defendant's offense level if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."    The plain language of the guideline provision does not require the court to identify a defendant's motive for flight.

Section 1B1.3(a)(1) provides that for the purposes of guidelines calculations, relevant conduct includes:

---

[1] The Eleventh Circuit found the enhancement to be properly applied, although it did not consider the argument Pitts now raises.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant …
that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for the offense.

U.S.S.G. § 1B1.3(a)(1).

Pitts relies heavily on *United States v. Southerland*, 405 F.3d 263 (5th Cir. 2005), in support of his "nexus" argument.    In *Southerland*, the defendant was convicted of bank robbery and access device fraud.    His sentence was enhanced based on his flight from law enforcement at the time of his arrest, which occurred two months after the robbery had taken place.    To determine whether the § 3C1.2 enhancement was proper, the court looked for evidence of defendant's state of mind while fleeing.    The Fifth Circuit noted that at the time of flight, the defendant was driving a stolen rental car and his passenger was in possession of illegal drugs and controlled substances.    There was no evidence in the vehicle connecting defendant to the bank robbery or the fraud.    Under these circumstances, the Fifth Circuit found that the facts related to defendant's flight supported the conclusion that his state of mind in evading law enforcement related to the ongoing offenses of automobile theft and drug possession, not to bank robbery.    *Southerland*, 405 F.3d at 269.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

Pitts claims that he fled from the police because he wanted to kill himself, not because he wanted to avoid detection or responsibility for the offense, and that counsel should have made this argument to the court.    (ECF No. 57-1 at 12). Pitts' alleged suicidal ideation was driven in large part by the separation from and conflicts with his wife.    His wife told law enforcement that Pitts was angry because she had changed her cell phone number two days before the incidents giving rise to this case.    (ECF No. 38, PSR ¶ 6).    Approximately four hours elapsed between the domestic disturbance and Pitts' apprehension.    Pitts maintains, without record support, that officers had "no interest in finding Mr. Pitts" until learning of his threats of suicide, at which point they began to attempt to locate Ms. Huff's cell phone. (ECF No. 57-1 at 12).

Pitts' argument fails because "the offense" of which he was convicted was possession of a firearm by a convicted felon, not the domestic disturbance, as he alleges due to his identification of the domestic disturbance as "the offense."    As the Government noted at sentencing, the victim recanted her allegations of assault, and the charges in this federal case related only to Pitts' possession of the stolen firearm.    Pitts continued to possess the firearm charged in the indictment during his flight, relinquishing it only after he shot himself in the chin.    Thus, his reckless

flight occurred during the commission of "the offense" in this case, as Pitts remained in unlawful possession of the stolen firearm as he fled from police.    Counsel was not constitutionally ineffective for failing to make the meritless objection Pitts now suggests.

Ground Two

Pitts next claims that appellate counsel was constitutionally ineffective because he did not properly raise the argument raised in Ground One on appeal. Had counsel done so, he argues, he would have been entitled to *de novo* review and would have obtained sentencing relief.    *United States v. Lamons*, 532 F.3d 1251, 1268 (11th Cir. 2008) (holding that an allegation of effort in the application of the Guidelines to the facts is a mixed question of fact and law which is reviewed de novo).

Pitts is not entitled to relief on this claim because the underlying argument has no merit.    As is true of trial counsel, appellate counsel is not constitutionally ineffective for failing to raise a meritless claim.    *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008).

Ground Three

Pitts next contends that trial counsel was constitutionally ineffective because she did not challenge one of the special conditions of his supervised release.    In addition to the fourteen standard conditions of supervised release, the district court imposed three additional conditions.    (ECF No. 41 at 4).    One prohibited Pitts from owning or possessing weapons, one provided for Pitts' evaluation for substance abuse and periodic testing for same, and one provided that Pitts would be required to provide the Probation Officer with "all requested business and personal financial information."    (ECF No. 41 at 4; ECF No. 51 at 27-28).    Pitts objects to the last requirement, contending that it has nothing to do with possession of a firearm, that he does not have financial-type offenses in his past, and that he was not ordered to pay a fine or any restitution.    (ECF No. 57-1 at 12).

Pursuant to 18 U.S.C. § 3583(d), a sentencing court may impose conditions of supervised release that it considers appropriate, so long as the condition is, among other things, reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D), and is consistent with any pertinent policy statements issued by the Sentencing Commission.    18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b).    Section 5D1.3 provides a "list of factors" to guide the district court's

discretion in sentencing decisions, rather than a "checklist of requisites."    *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000) (*quoting United States v. Johnson*, 998 F.2d 696, 698 (9th Cir. 1993)).    For instance, the guidelines recommend that the court impose a condition requiring the defendant to provide the probation officer access to any requested financial information if it has ordered restitution, forfeiture or a fine.    U.S.S.G. § 5D1.3(d)(3).    However, imposition of such a condition "may [also] otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d).

Pitts claims that this condition is "unwarranted."    While he is correct that no fine or restitution was ordered, that does not end the inquiry.    The Government notes in its response that the $200 monetary assessment remains unpaid, which Pitts does not dispute.    The PSR reflects a dire financial situation, and even prior to his incarceration, Pitts had no assets, bank accounts or cash on hand, and had had at least three accounts placed in collections.    The district court did not identify a specific reason for this special condition.    However, Pitts' unstable financial situation is relevant to his ability to support himself without resorting to criminal activity such as that described in the PSR.    (ECF No. 38, PSR ¶¶ 46, 47).

Pitts has not shown that the court's imposition of this condition was unlawful or improper, and counsel was not constitutionally ineffective because she did not object.

Ground Four

Pitts last claims that counsel was constitutionally ineffective for failing to provide him with correct advice about the sentence he faced before he pleaded guilty. He states that defense counsel incorrectly told him that he faced a mandatory minimum sentence, although § 924(a)(2) contains no such provision, and that she incorrectly advised him about the term of supervised release he faced. Pitts asserts that he based his guilty plea upon counsel's erroneous advice.

Pitts' assertions are not credible, and he cannot show that he was prejudiced. The written plea agreement, which he confirmed, under oath, that he had read and discussed with his attorney, provided that he faced a maximum term of ten years' imprisonment on each count. (ECF No. 27 at 1; ECF No. 50 at 13-14). The court also directly informed Pitts at the plea colloquy, of the ten-year maximum penalty. (ECF No. 50 at 11-12). Neither the written plea agreement nor the court's remarks to Pitts suggested that a mandatory minimum penalty would apply.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

Pitts argues that counsel was uninformed about the penalties he faced, noting that in her sentencing memorandum she urged the court to impose the "statutory minimum mandatory term, and term of five years supervised release," (ECF No. 39 at 4).   The Government states that Pitts "fails to show how that was anything more than a cut-and-paste error from another case and how that error could have possibly influenced his decision to plead guilty five months earlier."   (ECF No. 64 at 9). The court concurs.   Even if counsel had, at some point, said that there was a mandatory minimum, Pitts had the opportunity to review the written plea agreement and ask questions of the court before entering his plea.   Nothing in the plea documents or the plea hearing could support a belief that a minimum mandatory would apply.   Pitts has not shown that counsel's performance was constitutionally deficient under *Strickland*, or that he was prejudiced thereby.

Conclusion

For the foregoing reasons, Pitts has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore the § 2255 motion should be denied in its entirety.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

<u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that A[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:12cr30/RH/CJK; 5:15cv107/RH/CJK

Based on the foregoing, it is respectfully RECOMMENDED:

1.   The motion to vacate, set aside, or correct sentence (ECF No. 57) be DENIED.

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 22nd day of January, 2018.


_/s/ Charles J. Kahn, Jr._
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   _See_ 11th Cir. Rule 3-1; 28 U.S.C. § 636.**