IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:12cr30-RH/CJK
           5:15cv107-RH/CJK

RANDALL PITTS,

    Defendant.

_____/

### ORDER DENYING THE § 2255 MOTION, DENYING A CERTIFICATE OF APPEALABILITY, AND DELETING THE FINANCIAL-INFORMATION CONDITON OF SUPERVISED RELEASE

The defendant has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 69, and the objections, ECF No. 72. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion. The order also deletes a condition of supervised release.

I

The defendant's sentence included a term in the Bureau of Prisons followed by a term of supervised release. Without objection, the sentence included a

condition of supervision requiring the defendant to provide the probation officer all requested financial information. In the § 2255 motion, the defendant objects to this condition for the first time. This is much ado about nothing.

In this district, probation officers request financial information very rarely and only for a good reason. It is unlikely that the defendant will ever be required to provide information based on this condition. Still, judges often impose the financial-information condition so that probation officers will be able to obtain information if there is a good reason, as there sometimes is. Unexplained wealth may show that a defendant is engaged in new criminal conduct, while inadequate funding may signal a need for a probation officer to take steps to reduce the risk of a return to crime as a means of coping.

Even so, this condition makes no real difference. If the condition is imposed and the defendant believes a request for information is unjustified, the defendant may seek relief from the court. If the condition is not imposed and the probation officer needs information, the officer can ask the defendant to provide it; if the defendant does not voluntarily provide the information, the officer may ask the court to require it. Either way, the outcome will likely be the same: the officer will get the financial information if there is a good reason to do so. And again, this is mostly hypothetical; the occasions when an officer seeks information that is not otherwise available are few and far between.

To avoid further ado about nothing, this order deletes the financial-information condition. In the unlikely event the probation officer needs financial information the defendant does not wish to provide, the officer may petition for reimposition of the condition.

II

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

III

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

2. A certificate of appealability is denied.

3. Additional condition of supervised release number 17—"The defendant shall provide the probation officer all requested business and personal financial information"—is deleted.

SO ORDERED on April 10, 2018.

s/Robert L. Hinkle<br>United States District Judge